Christopher R. Dryden, Esq. (SBN 234476)
cdryden@attorneygl.com
David K. Haber, Esq. (SBN 282693)
dhaber@attorneygl.com
GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, CA 92075
Telephone: (888) 846-8901
Facsimile: (888) 846-8902

Attorneys for Specially Appearing Defendant
PACIFIC INSOLVENCY ALLIANCE, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTINA B. BILBAO,<br><br>    Plaintiff,<br><br>vs.<br><br>PACIFIC INSOLVENCY ALLIANCE, LLC,<br><br>    Defendant. | Case No. 2:21-cv-07736<br><br>Assigned for All Purposes To:<br>Judge: George H. Wu<br>Dept: D9<br><br>**SPECIALLY APPEARING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]**<br><br>Date: January 24, 2022<br>Time: 8:30 a.m.<br><br>Complaint Filed: September 29, 2021 |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** specially appearing Defendant Pacific Insolvency Alliance, LLC ("Defendant") hereby requests the Court take judicial notice of the facts in the following documents as Exhibits 1 and 2, in support of Defendant's Motion to Dismiss Plaintiff's Complaint.

    1.    Exhibit A to the Declaration of Ben Lou, which is the Debt Negotiations and Services Agreement ("Agreement") executed on April 27, 2019, between

1 Plaintiff and Defendant

2    2.   Exhibit B to the Declaration of Ben Lou, which is the executed Confirmation and Attestation of Meeting ("Attestation") executed on April 27, 2019, by Plaintiff when she the Agreement with Defendant.

Plaintiff's Complaint alleges that she "subsequently entered into a contract with Defendant" but never attached the contract or related documents to her Complaint.  Complaint, ¶ 11.

When ruling on a 12(b)(6) motion, a court may look beyond the pleadings "at documents incorporated by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).

Under the incorporation by reference doctrine, a court may consider a document when plaintiff's complaint necessarily relies on it and its authenticity is uncontested. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *see also In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).  This includes documents that are not attached or explicitly referenced by plaintiff's complaint. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003). Incorporation by reference "treats certain documents as though they are part of the complaint itself", *Khoja v. Orexigan Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim", *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

Under Federal Rule of Evidence 201, judicial notice is proper when a fact is not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot by reasonably questioned. *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005); Fed. R. Evid. 201.  Judicial notice of information obtained from a website is proper when neither party questions the authenticity of the site. *Pollstar v. Gigmania Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000).  On a Rule 12(b)(6) motion, a court may take judicial notice of a

matter of public record. *Moore v. Navarro*, 2004 U.S. Dist. LEXIS 6039, *5 (N.D. Cal. Mar. 31, 2004).

*Kristina B. Bilbao v. Pacific Insolvency Alliance, LLC* became a public record when Plaintiff filed her lawsuit on September 29, 2021, Case 2:21-cv-07736. As noted above, under the incorporation by reference doctrine, a court may consider a document when Plaintiff's complaint necessarily relies on it and its authenticity is uncontested. Here, Plaintiff has relied on the Agreement and related documents in her Complaint but failed to include them.

Dated: December 10, 2021         GLOBAL LEGAL LAW FIRM

By: */s/ Christopher R. Dryden*
Christopher R. Dryden
David K. Haber
Attorneys for Specially Appearing
Defendant PACIFIC INSOLVENCY ALLIANCE, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, I caused to be electronically filed the foregoing document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

Dated:  December 10, 2021                    GLOBAL LEGAL LAW FIRM

By:  */s/ Christopher R. Dryden*
     Christopher R. Dryden
     David K. Haber
     Attorneys for Specially Appearing
     Defendant PACIFIC
     INSOLVENCY
     ALLIANCE, LLC