**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA B. BILBAO, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC INSOLVENCY ALLIANCE, LLC, <br><br> Defendant. | Case No. 2:21-cv-07736-GW-PVC <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 ET SEQ.;** <br><br> **2. VIOLATION OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT OF 1984, CAL. CIV. CODE §1789.10 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT

NOW comes KRISTINA B. BILBAO ("Plaintiff"), by and through the undersigned, complaining as to the conduct of PACIFIC INSOLVENCY ALLIANCE, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* and the California

1

Credit Services Organizations Act of 1984 ("CCSOA") pursuant to Cal. Civ. Code §1789.10 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a 64 year old natural "person," as defined by 47 U.S.C. § 153(39), residing in Chino Hills, California.

5. Defendant is a credit repair organization that purports to help those "in dire need of getting out of severe debt."[1] Defendant is a limited liability company organized under the laws of the state of Hawaii with its principal place of business located at 2140 Peralta Boulevard, Suite 207, Fremont, California.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.pacificinsolvencyalliance.com/about

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In approximately the spring of 2019, Plaintiff was seeking to improve her credit and began considering whether to enlist the services of a credit repair organization.

9. After seeing an advertisement on television that promised individuals the ability to be debt free and to improve their credit history, Plaintiff reached out and was connected with Defendant, at which point it was represented to Plaintiff that Defendant would be able to help her improve her credit history by clearing up delinquent debts .

10. Defendant informed Plaintiff that, depending on the debt Plaintiff would enroll in Defendant's program, Defendant would be able to settle the enrolled debt if Plaintiff made monthly payments for a predetermined period of time.

11. Defendant's representations affirmatively stated the certainty with which Defendant would be able to assist Plaintiff in being debt free.

12. Plaintiff expressed her desire to proceed, and was subjected to an in-person visit by Defendant's representative.

13. During this meeting, Defendant's representative reiterated that Defendant would help Plaintiff settle her debts and improve her credit, and compelled Plaintiff to sign some documents.

14. Defendant's representative did not go over any substantive information or provide any disclosures to Plaintiff during this visit, instead saying she just needed to sign the documents.

15. Upon information and belief, it is Defendant's routine practice to compel consumers to sign documents without adequately explaining the nature of such documents.

16. Plaintiff then enrolled a series of debts and agreed to monthly payments in the amount of $466.92 for a period of 36 months.

17. Plaintiff made her payments to Defendant for years, however, Defendant failed to settle her obligations as affirmatively represented prior to Plaintiff agreeing to use Defendant's services.

18. Plaintiff would be provided monthly updates that Defendant was working on resolving Plaintiff's debts yet no results have been delivered.

19. In early 2021, Plaintiff was informed by Defendant that, in order for her enrolled debts to be settled, she would need to increase her monthly payments or increase the term of her payments.

20. Plaintiff became distressed and frustrated by Defendant's demand for additional payments as, not only had she paid thousands of dollars to Defendant

without receiving the represented results, but she was now being told she needed to pay even more.

21. Plaintiff refused Defendant's demands for additional payments, as the parties had clearly agreed about the amount and term of her monthly payments.

22. Plaintiff remains languishing having paid thousands of dollars for credit repair services without actually receiving the extent of the services purchased.

23. Upon information and belief, Defendant knowingly provided Plaintiff, and provides consumers, a deflated figure representing the total payments necessary to settle enrolled debt so as to compel acceptance of the terms, only to turn around and demand additional sums down the line.

24. Upon further information and belief, Defendant has improperly taken fees from the monthly payments Plaintiff has made to Defendant, despite Defendant not providing the services justifying the collection of such fees.

25. Defendant's Motion to Dismiss tacitly admits that Defendant charged Plaintiff for any service prior to the full completion of Defendant's services.

26. Aside from Defendant's deceptive and unlawful conduct, Defendant has similarly engaged in numerous further violations of the CROA.

27. Defendant not only failed to provide the disclosures required by § 1679c, but similarly failed to provide Plaintiff her signed copy of such disclosures as well as the completed contract.

28. Furthermore, the contract itself fails to include a bold, conspicuous statement regarding Plaintiff's right to cancel her services with Respondent in the proper position and in the manner required by state and federal law.

29. Frustrated and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm, denial of the benefit of the bargain, as well as a violation of her state and federally protected interests – interests which were harmed and put at a material risk of harm as a result of Defendant's conduct.

### **COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

33. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

### a. Violations of CROA § 1679b(a)

34. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

35. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it provided Plaintiff. Defendant affirmatively represented it would be able to resolve Plaintiff's obligations if she made her monthly payments. The parties agreed on a specific amount and length for Plaintiff's monthly payments, yet Defendant failed to achieve the represented results, instead requesting further sums from Plaintiff. As such, Defendant misrepresented the nature of its services by deceptively representing the initial terms would be sufficient, and similarly deceptively attempting to compel Plaintiff's further payment for its services.

36. Further, Defendant has a pattern and practice of contradicting its oral representations to consumers through the language in its contractual documents. Defendant's practice is to promise Plaintiff and consumers the world, then contradict such representations by compelling consumers to sign contracts with

contradictory terms. Defendant's scheme seeks to insulate itself from liability for its oral misrepresentations, hoping that it can point to the contract that it compelled Plaintiff and consumers to sign through pressure-intensive, in-person meeting without any meaningful opportunity to review such documents. This conduct is further in violation of the above referenced provisions of the CROA.

### b. Violations of CROA § 1679b(b)

37. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

38. Defendant violated § 1679b(b) through its receipt of payment for services not yet fully performed. Upon information and belief, Defendant has appropriated at least a portion of Plaintiff's monthly payments towards the debt settlement services it claims to be providing, however, such services have not been completed. Defendant's premature retention of payment for services not performed is in direct violation of the CROA.

39. Defendant's Motion to Dismiss Plaintiff's original complaint [Dkt. 13] admits that it charged Plaintiff fees for any service in advance of full performance of such services. Defendant's Motion argued that "Defendant was entitled to the advance fee portion outlined in the Agreement" because Defendant's representative met with Plaintiff in person. [Dkt. 13, pp. 15-16]. This Court has already rejected Defendant's

justification for its premature retention of Plaintiff's fees. *See Consumer Fin. Prot. Bureau v. Prime Mktg. Holdings, LLC,* 2016 U.S. Dist. LEXIS 194873, at *27 (C.D. Cal. Nov. 15, 2016) ("Under the CROA, even if a credit repair agency is not a telemarketer, it may not collect payment for its services until the services are completed".)

### c. Violation of CROA § 1679c

40. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

41. Defendant violated 15 U.S.C. § 1679c through its failure to provide the written disclosures required under § 1679c in a statement separate from the written contract or other material provided to the consumer.

### d. Violation of CROA § 1679d(4)

42. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You

9

may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'"

43. Defendant violated 15 U.S.C. § 1679d(4) through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract. Nowhere in the contract between Plaintiff and Defendant does Defendant provide such a disclosure in ***bold face type in immediate proximity to the space reserved for Plaintiff's signature***, demonstrating Defendant's direct violation of § 1679d(4).

44. As a result of Defendant's deficient contract, the contract should be deemed void and unenforceable. 15 U.S.C. § 1679f(c).

### e. Violation of CROA § 1679e(c)

45. The CROA, pursuant to 15 U.S.C. § 1679e(c), requires credit repair organizations to provide consumers a copy of any completed contract and the disclosures required under § 1679c, as well as any other documents signed.

46. Defendant violated § 1679e(c) by failing to provide Plaintiff a completed copy of the contract or of any other documents she signed when contracting with Defendant.

WHEREFORE, Plaintiff, KRISTINA B. BILBAO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATION ACT OF 1984

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c).

49. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(a).

**a. Violation of CCSOA § 1789.13**

50. The CCSOA, pursuant to Cal. Civ. Code § 1789.13, provides a list of prohibited conduct for credit services organizations.

51. Pursuant to § 1789.13(a), a credit services organization cannot "charge or receive any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the buyer."

52. Defendant violated § 1789.13(a) when it charged and received money from Plaintiff without fully completing the services. As alluded to *supra.,* Defendant improperly retained Plaintiff's payments without first fully performing the services justifying such retained payments.

53. Pursuant to § 1789.13(b), a credit services organization cannot "fail to perform the agreed services within six months following the date the buyer signs the contract for those services."

54. Respondent violated § 1789.13(b) by failing to perform the agreed services within 6 months of Plaintiff signing the contract with Defendant.

55. Pursuant to § 1789.13(g), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(h), a credit services organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

56. Defendant violated §§ 1789.13(g)&(h) through its deceptive and misleading representations regarding the nature, cost, and efficacy of its services, as discussed *supra.*

### b. Violations of CCSOA §§ 1789.14-1789.15

57. The CCSOA, pursuant to Cal. Civ. Code § 1789.15, provides the extent of information that must be provided to a buyer by a credit services organization under § 1789.14.

58. Defendant violated these provisions of the CCSOA by failing to provide Plaintiff such disclosures and similarly failing to provide Plaintiff a copy of the disclosures.

### c. Violations of CCSOA § 1789.16(a)

59. The CCSOA, much like the CROA, requires credit services organizations to include a conspicuous statement regarding a consumer's right to cancel a contract. *See* Cal. Civ. Code § 1789.16(a)(1).

60. Defendant violated § 1789.16(a)(1) by failing to provide the required disclosure in the proper location in its contract with Plaintiff.

WHEREFORE, Plaintiff, KRISTINA B. BILBAO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);

c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1789.21(a);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: December 30, 2021 | Respectfully submitted, |
| 4 | | |
| 5 | | /s/Alejandro E. Figueroa<br>Alejandro E. Figueroa, Esq.<br>California Bar No. 332132 |
| 6 | | *Counsel for Plaintiff*<br>Sulaiman Law Group, Ltd |
| 7 | | 2500 S Highland Ave, Suite 200<br>Lombard, IL 60148 |
| 8 | | Telephone: (630) 575-8181 Ext. 120<br>alejandrof@sulaimanlaw.com |